# THE LAW OFFICES OF KRISTINA MAZZOCCHI

ATTORNEY AT LAW
43 West 43rd Street, Suite 153
New York, NY 10036-7424

———

TELEPHONE: 347-484-7413

January 30, 2023

**Via ECF**
District Judge Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

        Re:    Proposed Agreement
                Lucero et al. v. Papa Hotel Corp. et al.
                Case No.:  1:22-cv-06100-ER

Dear Hon. Judge Ramos:

      Plaintiffs Claudia Lucero, Magdalena L. Rojas, Olga Saavedra, and Maria Del Carmen Silva (hereinafter "Plaintiffs") by their attorneys The Law Offices of Kristina Mazzocchi, respectfully submit this letter motion. A copy of the Proposed Settlement Agreement is attached as Exhibit "I."

**I.**      **Procedural History and Relevant Facts**

      Plaintiffs are housekeeping workers who allege that they were formerly employed by Defendants. Plaintiffs commenced an action against Defendants in the United States District Court for the Southern District of New York (the "Court"), bearing Dkt. No.: 1:22-cv-06100-ER (the "Action") by filing a Complaint on July 18, 2022 (the "Complaint"), alleging unlawful harassment and discrimination based on their race, national origin, and perceived immigration status. Plaintiffs also alleged violations of the Fair Labor Standards Act ("FLSA"), and the New York Labor Law ("NYLL") in connection with their alleged employment by Defendants. Defendants deny the allegations made by Plaintiffs, including that Plaintiffs were subjected to any form of discrimination and/or retaliation, and further deny all allegations that Defendants failed to pay Plaintiffs improperly, and have conveyed to Plaintiffs their denial of said allegations. Further, on September 6, 2022, Defendants requested a pre-motion conference seeking to dismiss Plaintiff's pendant City discrimination claims. Such pre-motion conference was held on October 11, 2022 and without resolution as to the merits of Defendant's motion, the

parties were directed to comply with the SDNY pilot program and ordered to mediation.

In turn, pursuant to the SDNY Pilot Program, the Action was referred to mediation with the Court appointed mediator, Joe Saltarelli, Esq. The parties attended a mediation on December 15, 2022 before Mediator Saltarelli, Esq. During that mediation, the Parties negotiated extensively, in good faith, and at arms-length. Ultimately, after extensive discussions amongst the parties as to the issues and inherent risk as to the potential outcome of litigation, it was decided that a settlement was in order so as to avoid an uncertain result from a trial on the merits.

The Parties continue their *bona fide* dispute regarding the number of hours worked by Plaintiffs, and the sum, owed to Plaintiffs, if anything, for wages. To avoid the costs associated with further litigation and the uncertainty of outcome, the Parties wish to fully and finally resolve all of Plaintiffs' claims in this action now. Hence, the mediation resulted in a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiffs' claims, both individually and collectively, Defendants' defenses, and the *bona fide* dispute between the Parties. Therefore, the Parties seek the Court's approval of this settlement in accordance with the requirements of the FLSA and the recent decision of the Second Circuit in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (". . . stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect.").

## II.     Fairness of the Proposed Wage Settlement Agreement

The Parties, through their respective counsel, reached this Settlement Agreement over legally and factually disputed claims. The Parties and their respective counsel believe that the proposed settlement between the Parties is a fair and reasonable resolution, and in the mutual best interest of the Parties, considering all of the contested issues in this case. *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 322, 335 (S.D.N.Y. 2012); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

The Parties have agreed to settle all Plaintiffs' claims by the execution a Settlement Agreement. The agreement provides that Defendants agree to pay Plaintiffs the total sum of Eighty Thousand Dollars and Zero Cents ($80,000.00) for full resolution of the Plaintiffs' claims. As established by the retainers Plaintiffs signed, the attorneys' fees to Plaintiffs' counsel, would be Twenty-Six Thousand, Six Hundred and Sixty-Six Dollars and Sixty-Seven Cents ($26,666.67), which is 1/3 of total recovery typically sought by the Plaintiffs' wage and hour recovery. However, the undersigned has reduced her fee to $20,000 which is ¼ of the total recovery, inclusive of costs associated with this matter, *infra*.

The Parties submit that the Court should approve the Settlement Agreement as fair and reasonable, including the stipulated attorneys' fees, under the factors set forth in *Wolinsky*, 900 at 335, and in accordance with the *Cheeks* guidelines. 796 F.3d 199 (2d Cir. 2015). There is a presumption of fairness with the Court's principal inquiry directed at whether the proposed settlement constitutes a "reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights." *Le v. SITA Info. Networking Computing USA, Inc.*, 2008 WL 724155, at *1 (E.D.N.Y. 2008) (alteration in original) (quoting *Lynn's Food Stores, Inc. v. United States*, 679

F.2d 1350, 1354 [11th Cir. 1982]); see also, *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." *Garcia v. BAE Cleaners Inc*., 2012 WL 1267844 (S.D.N.Y. 2012) (quoting *Johnson v. Brennan*, 2011 WL 4357376, at *12 (S.D.N.Y. 2011). In determining whether a proposed settlement is fair and reasonable, the Court should consider the totality of circumstances, including but not limited to the following factors: (1) the Plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion. *Wolinsky v. Scholastic Inc*., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

Here, all Parties were counseled and represented by their respective attorneys throughout the settlement process. The Settlement Agreement was negotiated at "arms' length" through the Parties' respective attorneys after extensive negotiations and by participation in mediation. The proposed settlement is the product of serious and informed pre-mediation negotiations and mediation between the Parties.

Here, Plaintiff Lucero alleges that if she is successful on all aspects of her minimum wage and overtime claims, including the allegations in the Complaint about the hours worked and minimum wage owed, based on her recollection alone, she could recover up to approximately $64,896.00 in unpaid wages inclusive of liquidated damages. Defendants believe that Plaintiff is not owed any money for any of the claims alleged in their Complaint as they argue she was properly paid minimum wage and was not owed overtime as alleged. As Plaintiff Lucero would under the proposed settlement recover $20,000, inclusive of attorneys' fees, she will have recovered 30.81% of her total wage exposure. While this factor does not satisfy the test for presumptive fairness, in light of the other factors and the risk of recovering nothing, Plaintiffs request that this court deem the agreement fair overall.

Here, Plaintiff Rojas alleges that if she is successful on all aspects of her minimum wage and overtime claims, including the allegations in the Complaint about the hours worked and minimum wage owed, based on her recollection alone, she could recover up to approximately $229,776.00 in unpaid wages inclusive of liquidated damages. Defendants believe that Plaintiff is not owed any money for any of the claims alleged in their Complaint as they argue she was properly paid minimum wage and was not owed overtime as alleged. As Plaintiff Rojas would under the proposed settlement recover $20,000, inclusive of attorneys' fees, she will have recovered 8.71% of her total wage exposure. While this factor does not satisfy the test for presumptive fairness, in light of the other factors and the risk of recovering nothing, Plaintiffs request that this court deem the agreement fair overall.

Here, Plaintiff Saavedra alleges that if she is successful on all aspects of her minimum wage and overtime claims, including the allegations in the Complaint about the hours worked and minimum wage owed, based on her recollection alone, she could recover up to approximately $216,720.00 in unpaid wages inclusive of liquidated damages. Defendants believe that Plaintiff is not owed any money for any of the claims alleged in their Complaint as they

argue she was properly paid minimum wage and was not owed overtime as alleged. As Plaintiff Saavedra would under the proposed settlement recover $20,000, inclusive of attorneys' fees, she will have recovered 9.23% of her total wage exposure. While this factor does not satisfy the test for presumptive fairness, in light of the other factors and the risk of recovering nothing, Plaintiffs request that this court deem the agreement fair overall.

Here, Plaintiff Silva alleges that if she is successful on all aspects of her minimum wage and overtime claims, including the allegations in the Complaint about the hours worked and minimum wage owed, based on her recollection alone, she could recover up to approximately $249,872.00 in unpaid wages inclusive of liquidated damages. Defendants believe that Plaintiff is not owed any money for any of the claims alleged in their Complaint as they argue she was properly paid minimum wage and was not owed overtime as alleged. As Plaintiff Silva would under the proposed settlement recover $20,000, inclusive of attorneys' fees, she will have recovered 8.00% of her total wage exposure. While this factor does not satisfy the test for presumptive fairness, in light of the other factors and the risk of recovering nothing, Plaintiffs request that this court deem the agreement fair overall.

That is, while the first factor does not weigh in favor of a finding of fairness, the other four factors—the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; the seriousness of the litigation risks faced by the parties; whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and the possibility of fraud or collusion—all do, at set forth below.

Plaintiffs' position on settlement is also supported because of the inherent risks of litigation, including the risks associated with the burdens of collection, it is possible Plaintiffs would recover nothing. The present settlement will enable the parties to avoid the burdens and expenses associated with establishing their respective positions on the facts at trial. In addition, Plaintiffs will be able to avoid the expense and delay of litigation and the risk of obtaining no recovery due to failure at trial or failure to collect on a judgment. While under the Settlement Agreement, Plaintiffs will not recover all that they initially claimed they were owed based on their recollection it is Plaintiffs' position that Plaintiffs will recover more than should they obtain a default or uncollectible judgment. Here the requisite arms-length bargaining between experienced counsel is present, as is further confirmed by the involvement of a SDNY mediator. Finally, there is no evidence of fraud or collusion as further confirmed by the involvement of the mediator. Because four of the five factors clearly weigh in favor of fairness, Plaintiffs request the proposed settlement be approved as the best agreement they were able to achieve under the circumstances, and which they have chosen to freely enter. Of particular significance to Plaintiffs is the fact that the payment will be made in one lump sum, obviating the need of a payout and the uncertainty of collections.

The settlement also meets the guidelines set forth in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). *See also Gonzales v. Lovin Oven Catering of Suffolk, Inc.*, 2015 WL 6550560 (E.D.N.Y. Oct. 28, 2015). Specifically, as prohibited by *Cheeks*, the instant settlement does not contain a confidentiality provision; the release agreed to by Plaintiffs only releases Defendants from claims relating to Plaintiffs' employment; and Plaintiffs'

attorneys' fees are less than 33% of the total settlement, which is well within the range of recovery accepted routinely by the Court. Further while the release agreed to by Plaintiffs is a general release as to Defendant, and thus releases their NYCHRL claims, the parties wish to resolve all their disputes and general releases are not per se improper under *Cheeks, supra*. See *Panganiban v. Medex Diagnostic & Treatment Ctr.*, No. 15-CV-2588(AMD)(LB), 2016 WL 927183, at *3 (E.D.N.Y. March 7, 2016) (allowing general release where settlement is "substantial" and the complaint also alleged Title VII claims).

The terms of the Settlement Agreement were reached through arms'-length negotiations between the Parties' respective counsel after engaging in significant investigation and due diligence regarding the merits of Plaintiffs' claims and their likelihood of success at trial and the potential viability of Defendants' defenses. Litigating FLSA and NYLL cases requires a significant amount of subject-area knowledge. In fact, much of what a good wage and hour lawyer needs to know to do their job is very esoteric. Accordingly, wage settlements can become problematic and unfair when they are negotiated by counsel who are not experienced in the area and, therefore, do not really know what they are doing. That is not the case here because both Plaintiffs and Defendants were represented by lawyers with extensive knowledge of the FLSA and who possess very significant litigation experience.

Plaintiffs have been represented by The Law Offices of Kristina Mazzocchi (formerly a founding partner of Mirer Mazzocchi & Julien, PLLC) a small law firm that specializes in cases of workplace justice for precarious workers and practices almost exclusively in federal employment litigation with a concentration on wage claims under FLSA and associated state laws in New York. Ms. Mazzocchi has extensive experience in FLSA, discrimination, harassment, and retaliation litigation, mediation and negotiation, including large multiparty actions and violations of the National Labor Relations Act. Since 2014, Ms. Mazzocchi has been ligating a variety of employment cases, a large number of which are FLSA cases (involving both single Plaintiffs, multi-Plaintiffs, and Collective Actions). She has handled complex employment litigation matters in the SDNY and EDNY. Her fees have been approved at rates of between $350 and $450 per hour. See *Luis Arellano et al. v. Highline Construction Corp. et al.,* Case No.: 21-cv-2318-(VEC), S.D.N.Y. (approving a reduced rate of 25% to the 33.33% agreed upon award of attorneys' fees); See Cuc et. al. v. Xiang Rong, Inc., et al, Case No. 21-cv-3857 (EDNY) approving a 33.33% award of attorney's fees)[1]

Defendants' counsel has represented defendants in employment matters for nearly 2 decades. With his extensive experience, Defendants' counsel diligently worked to ensure that the Defendants maintained a strong bargaining position for any potential settlement, as well as a reasonable chance of prevailing on the merits. Defendants' counsel, therefore, skillfully acted to ensure that Plaintiffs would not receive any compensation beyond what they were potentially entitled. The contested issues demonstrate that there was no fraud or collusion. *Meigel v. Flowers of the World, NYC, Inc.,* 2012 WL 70324 (S.D.N.Y. Jan. 9, 2012) (the Court held that the courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.).

---

[1] Because this is a motion for approval of a settlement, Defendants do not contest the attorneys' fees requested herein.

Given these arms'-length negotiations, the fifth factor, absence of collusion and the experience of counsel, is also satisfied.

While courts may approve attorneys' fees on the basis of either a lodestar calculation or a percentage of the common fund, "the trend in this Circuit is toward the percentage method." *WalMart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005). The Second Circuit has reasoned that the lodestar method "creates an incentive for attorneys to bill as many hours as possible, to do unnecessary work, and these reasons also can create a disincentive to early settlement." *McDaniel v County of Schenectady*, 595 F.3d 411, 418 (2d Cir. 2010). In this Circuit, district courts typically approve attorneys' fees in the range of 30% - 33 1/3% in FLSA cases. See, *Santos v. El Tepeyac Butcher Shop Inc.*, 2015 WL 9077172, at *4 (S.D.N.Y. Dec. 15, 2015); *Thornhill v. CVS Pharmacy, Inc.*, 2014 WL 1100135, at *3 (S.D.N.Y March 20, 2014). One third contingency fees for attorneys representing Plaintiffs in wage and hour litigation have been found to be necessary for furthering the broad remedial purpose of the FLSA and NYLL. See, *Khait v Whirlpool Corp.*, 2010 WL 2025106 (E.D.N.Y. 2010). <u>Here Plaintiffs' attorneys seek only $26,666.67 in fees (determined as 1/3 of the $80,000 award) and thus attorneys' fees equal one third of the Settlement Amount and are presumptively fair. However, the undersigned has reduced her fee to $20,000 which is ¼ of the total recovery, inclusive of costs associated with this matter.</u> Here, Plaintiffs have entered into a signed retainer agreement authorizing attorneys' fees to be paid on the basis of 33.33% of the gross settlement, plus costs. <u>As the previously agreed fee of 33.33% is presumptively fair, accordingly the reduced 25% fee is indisputably fair.</u> See Meza v. 317 Amsterdam Corp., No. 14-CV-9007 (VSB), 2015 U.S. Dist. LEXIS 166890 (S.D.N.Y. Dec 14, 2015) (holding "Courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.").

Finally, The settlement also meets the guidelines set forth in Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015). See also Gonzales v. Lovin Oven Catering of Suffolk, Inc., 2015 WL 6550560 (E.D.N.Y. Oct. 28, 2015). Specifically, as prohibited by Cheeks, the instant settlement does not contain a confidentiality provision; the release agreed to by Plaintiffs only releases Defendants from claims relating to Plaintiffs' employment; and Plaintiffs' attorneys' fees are less than 33% of the total settlement, which is well within the range of recovery accepted routinely by the Court. Further while the release agreed to by Plaintiffs is a general release as to Defendant, and thus releases their NYCHRL claims, the parties which to resolve all their disputes and general releases are not per se improper under Cheeks, supra. See Panganiban v. Medex Diagnostic Treatment Ctr., No. 15-CV-2588(AMD)(LB), 2016 WL 927183, at *3 (E.D.N.Y. March 7, 2016) (allowing general release where settlement is substantial and the complaint also alleged Title VII claims).

### III.  **Conclusion**

For the reasons stated herein, the parties submit that the executed Proposed Settlement Agreement is a fair and equitable resolution of a bona fide dispute between the Parties and that the proposed fees are appropriate in this case. This Court's approval of the Proposed Wage Settlement Agreement is an express condition of the settlement, and the Parties have agreed to take all steps necessary to dismiss the lawsuit with prejudice after payment of the

sum due pursuant to the Proposed Settlement Agreement, should such agreement be approved. The Parties respectfully request that the Court approve the Proposed Settlement Agreement as fair and reasonable.

Respectfully submitted,


_____/s/_____           _____/s/_____
Sanjay Chaubey, Esq.                      Kristina Mazzocchi
Law Offices of Sanjay Chaubey             The Law Offices of Kristina Mazzocchi
420 Lexington Avenue, Suite 2148          43 West 43rd Street, Suite 153
New York, NY 10170                        New York, NY 10036-7424
Attorney for Defendants                   Attorneys for Plaintiffs




Enclosures:
Exhibit I: Settlement Agreement and Exhibits

cc:     All counsel of record via ECF